UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GLENNA LEWIS as Personal Representative of the Estate of Mark Anthony Harris,<br><br>        Plaintiff,<br><br>v.<br><br>DISTRICT OF COLUMBIA, *et al.*,<br><br>        Defendants. | No. 1:07cv01663 (ESH) |

DEFENDANT DISTRICT OF COULMBIA'S ANSWER TO THE COMPLAINT

The Defendant District of Columbia ("the District"), by and through counsel, answers the complaint in like numbered paragraphs.

FIRST DEFENSE

The complaint fails to state a claim upon which relief can be granted.

SECOND DEFENSE

INTRODUCTION

1.    Paragraph 1 contains conclusions of law and of the pleader and as, such no answer is required. To the extent that an answer is required, the District denies any inference of any wrongdoing.

2.    Paragraph 2 contains conclusions of law and of the pleader and, therefore, no answer is required. To the extent that an answer is required, the District denies any inference of any wrongdoing.

## Jurisdiction and Venue

3. The District recognizes the statutes cited in paragraph 3 but does not admit that jurisdiction is necessarily conferred thereby.

4. Paragraph 4 contains conclusions of law and of the pleader and, therefore, no answer is required. Paragraph 4 contains conclusions of the pleader and as such no answer is required.

## Parties

5. The District has insufficient information to admit or deny the allegations contained in paragraph 5 of the complaint.

6. Paragraph 6 contains conclusions of law and of the pleader and, therefore, no answer is required.

7. The District admits the allegations contained in paragraph 7 of the complaint.

8. Paragraph 8 contains conclusions of law and, as such, no response is required.

9. The District has insufficient information to admit or deny the allegations contained in paragraph 9 of the complaint.

## Facts

10. The District admits the allegations contained in paragraph 10 of the complaint.

11. The District denies the allegations contained in paragraph 11 of the complaint.

12. The District denies the allegations contained in paragraph 12 of the complaint.

13. The District denies the allegations contained in the first sentence of paragraph 13 of the complaint. The District admits the allegations contained in the second sentence.

14. The District denies the allegations contained in paragraph 14 of the complaint.

15. The District denies the allegations contained in paragraph 15 of the complaint.

## COUNT 1
(Deprivation of Civil Rights- 42 U.S.C. § 1983
Due process Violation of the Fifth and Fourteenth Amendments)

16. The District repeats and re-alleges each of its answers to paragraphs 1 through 15 as if fully incorporated herein.

17. Paragraph 17 contains conclusions of law and of the pleader and, therefore, no answer is required.

18. Paragraph 18 contains conclusions of law and of the pleader and, therefore, no answer is required.

19. Paragraph 19 contains conclusions of law and of the pleader and, therefore, no answer is required.

20. The District denies the allegations contained in paragraph 20 of the complaint.

21. The District denies the allegations contained in paragraph 21 of the complaint.

22. The District denies the allegations contained in paragraph 22 of the complaint.

## COUNT II
(Assault and Battery)

23. The District repeats and re-alleges each of its answers to paragraphs 1 through 22 as if fully incorporated herein.

24. The District denies the allegations contained in paragraph 24 of the complaint.

25. The District denies the allegations contained in paragraph 25 of the complaint.

## COUNT III
(Negligent Hiring, Training and Supervision)

26. The District repeats and re-alleges each of its answers to paragraphs 1 through 25 as if fully incorporated herein.

27. The District admits the allegations contained in paragraph 27 of the complaint.

28. Paragraph 28 contains conclusions of law and of the pleader and, therefore, no answer is required.

29. Paragraph 29 contains conclusions of law and of the pleader and, therefore, no answer is required.

30. Paragraph 30 contains conclusions of law and of the pleader and, therefore, no answer is required.

31. The District denies the allegations contained in paragraph 31 of the complaint.

32. The District denies the allegations contained in paragraph 32 of the complaint.

33. The District denies the allegations contained in paragraph 33 of the complaint.

## COUNT IV
(Negligent Infliction of emotional Distress)

34. Defendant District of Columbia repeats and re-alleges each of its answers to paragraphs 1 through 33 as if fully incorporated herein.

35. The District denies the allegations contained in paragraph 35 of the complaint.

36. The District denies the allegations contained in paragraph 36 of the complaint.

37. The District denies the allegations contained in paragraph 37 of the complaint.

38. The District denies that it is liable to Glenna Lewis for any damages as alleged in the complaint.

## COUNT V
(Intentional Infliction of Emotional Distress)

39. The District repeats and re-alleges each of its answers to paragraphs 1 through 40 as if fully incorporated herein.

40. The District denies the allegations contained in paragraph 40 of the complaint.

41. The District denies the allegations contained in paragraph 41 of the complaint.

42. The District denies that it is liable to Glenna Lewis for any damages as alleged in the complaint.

## COUNT VI
(Survival Act)

43. The District repeats and re-alleges each of its answers to paragraphs 1 through 42 as if fully incorporated herein.

44. The first sentence of paragraph 44 contains conclusions of the pleader and, therefore, no response is requires. Further answering, the District denies that it is liable to Glenna Lewis for any damages as alleged in the complaint.

## COUNT VII
(Wrongful Death)

45. The District repeats and re-alleges each of its answers to paragraphs 1 through 44 as if fully incorporated herein.

46. Paragraph 46 contains conclusions of law and, therefore, no response is requires.

47. The District denies the allegations contained in paragraph 47 of the complaint.

Any allegation not specifically admitted above is hereby denied.

## THIRD DEFENSE

Further answering the complaint, the District denies all allegations not specifically admitted or otherwise answered, including allegations of, assault, excessive force, deprivation of constitutional and civil rights, negligence and intentional infliction of emotional distress.

## FOURTH DEFENSE

The defendant denies all allegations of wrongdoing, including but not limited to violations of common law, statutory and operational standards, negligence, deliberate indifference, and unconstitutional policy or custom.

## FIFTH DEFENSE

If plaintiff was injured or damaged as alleged, such injuries were the result of his own intentional, illegal or otherwise wrongful conduct.

## SIXTH DEFENSE

If plaintiff was injured and damaged as alleged in the complaint, such injuries and damages was the result of his own sole or contributory negligence and/or his assumption of the risk.

## SEVENTH DEFENSE

If plaintiff was injured and damaged as alleged in the complaint, such injuries and damages were the result of a person or persons other than the District, its employees, agents and servants acting within the scope of their employment.

## EIGHTH DEFENSE

If plaintiff was injured or otherwise damaged as alleged in the complaint, such injuries and/or damages were the result of the plaintiff's sole, joint, or concurring negligence with a

6

person or persons other than the District, its agents, employees or servants acting within the scope of employment.

## NINTH DEFENSE

Plaintiff may have failed to fully comply with the mandatory notice requirements of D. C. Code Section 12-309 (2001).

## TENTH DEFENSE

Plaintiff may have failed to mitigate his damages.

## ELEVENTH DEFENSE

The District asserts immunity, absence of bad faith and absence of gross negligence.

## TWELFTH DEFENSE

The action may be barred by the statute of limitations.

## SET-OFF

The District asserts a set-off against any judgment rendered against it for all funds and services provided to or on behalf of plaintiff, including medical care.

## JURY DEMAND

The District hereby demands a trial by jury on all issues so triable.

    Respectfully submitted,

    LINDA SINGER
    Attorney General for the
    District of Columbia

    GEORGE VALENTINE
    Deputy Attorney General
    Civil Litigation Division

    /s/NICOLE L. LYNCH/s/

        NICOLE L. LYNCH [471953]
        Chief Civil Litigation Division Section II

        /s/David A. Jackson/s/
        DAVID A. JACKSON [471535]
        Assistant Attorney General
        Office of the Attorney General
        441 Fourth Street, NW, 6 South
        Washington, D.C.  20001
        Direct Line: (202) 724-6618
        Facsimile: (202) 727-3625
        E-mail:  davida.jackson@dc.gov