# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| _____ ) | |
| **GLENNA LEWIS, as Personal Representative** ) | |
| **of the Estate of Mark Anthony Harris,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Civil Action No. 07-1663 (ESH)** |
| ) | |
| **DISTRICT OF COLUMBIA,** *et al.*, ) | |
| ) | |
| **Defendants.** ) | |
| _____ ) | |

## MEMORANDUM OPINION

Defendant District of Columbia has filed a Motion for Partial Summary Judgment as to Counts I and III of plaintiff's complaint.  Count I, alleging violations by the District of the due process clause of the Fifth and Fourteenth Amendments and 42 U.S.C. § 1983, is plaintiff's only federal claim.  In her opposition, plaintiff concedes the District's motion as to Count I, expressly stating that she "shall not be pursuing her constitutional tort claim under Count I of her complaint." (Opp'n at 1.)  Accordingly, the Court will grant as conceded the District's motion with respect to Count I and will decline to exercise supplemental jurisdiction over plaintiff's remaining state law claims.

When the federal-law claims on which the court's original jurisdiction is based have been dismissed, the court has discretion in deciding whether to exercise supplemental jurisdiction over the remaining state-law claims.  *See* 28 U.S.C. § 1367(c)(3); *Edmondson & Gallagher v. Alban Towers Tenants Ass'n*, 48 F.3d 1260, 1265-66 (D.C. Cir. 1995).  In making this determination, the court balances the traditional "values of judicial economy, convenience, fairness, and comity."

*Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988).   However, "in the usual case in which all federal-law claims are dismissed before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." *Id.* at 350 n.7; *see also United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966) ("Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law. Certainly, if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well."). This action is clearly the "usual case," and in light of the dismissal of plaintiff's federal claim against the District, the Court sees no reason to retain jurisdiction over the remaining claims.

Accordingly, the Court will grant in part and deny in part the District's motion for partial summary judgment and will dismiss Count I of the complaint with prejudice and the remaining counts without prejudice.  A separate Order accompanies this Memorandum Opinion.


_____/s/_____
ELLEN SEGAL HUVELLE
United States District Judge

Date: May 28, 2009